SUMMARY ORDER
Plaintiffs-appellants appeal from an interlocutory order of the United States District Court for the Northern District of New York (McAvoy, J.), denying their motion for class certification under Rule 23 of the Federal Rules of Civil Procedure. We assume the parties’ familiarity with the facts, proceedings below, and specification of issues on appeal.
Plaintiffs are the parents of students who attended the Academy at Ivy Ridge and the students themselves. The Academy at Ivy Ridge is a school for troubled youth. Plaintiffs allege that defendants misrepresented Ivy Ridge’s accreditation status and authorization to issue diplomas and credits in order to induce parents to send their children to Ivy Ridge. Plaintiffs brought claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c) and (d), claims of negligent misrepresentation, negligence, and breach of contract, and several fraud-based claims. Plaintiffs sought issue certification under Rule 23(c)(4) on particular elements of these claims, but not on the issues of reliance or damages. The district court denied class certification, concluding “that the issues of reliance, causation, and damages will predominate over this case and that certification, or issue certification, will not reduce the range of issues in dispute and promote judicial economy.”
A district court’s denial of class certification is reviewed for abuse of discretion. Heerwagen v. Clear Channel Communs., 435 F.3d 219, 225 (2d Cir.2006). However, we “review de novo the district court’s conclusions of law that informed its decision to deny class certification.” Parker v. Time Warner Entertainment Co., 331 F.3d 13, 18 (2d Cir.2003) (quotation marks omitted). Our review of a denial of class certification is “noticeably less deferential [than] when [the district court] has certified a class.” Id. (quotation marks omitted).
We have held that “a court may employ [Rule 23(c)(4) ] to certify a class as to liability regardless of whether the claim as a whole satisfies Rule 23(b)(3)’s predominance requirement.” In re Nassau County Strip Search Cases, 461 F.3d 219, 223 (2d Cir.2006). In so holding, we rejected the more stringent rule of the Fifth Circuit “ ‘that a cause of action, as a whole, must satisfy the predominance requirement of (b)(3) and that (c)(4) is a housekeeping rule that allows courts to sever the common issues for a class trial.’ ” Id. at 226 (quoting Castano v. Am. Tobacco Co., 84 F.3d 734, 745 n. 21 (5th Cir.1996)).
Plaintiffs argue that the district court relied on the Fifth Circuit’s rule rejected *648 by our Court in the Nassau County Strip Search Cases. Although the district court included two citations to the Fifth Circuit’s Castaño decision, it accurately identified and applied this Circuit’s standard for Rule 23(c)(4) issue certification. The district court observed that parents’ reasons for sending their children to Ivy Ridge included “geographic location, cost, available extracurricular activities, educational programming, character development programs, the ability to earn ‘credits,’ the ability to obtain a diploma, etc.,” and determined that the significance of individualized issues of reliance, causation, and damages in this case meant that issue certification “would not meaningfully reduce the range of issues in dispute and promote judicial economy.” In this case, the district court did not abuse its discretion in reaching this conclusion. See McLaughlin v. Am. Tobacco Co., 522 F.3d 215, 234 (2d Cir.2008) (concluding that, “given the number of questions that would remain for individual adjudication, issue certification would not ‘reduce the range of issues in dispute and promote judicial economy ” (quoting Robinson v. Metro-N. Commuter R.R., 267 F.3d 147, 168 (2d Cir.2001))). We have considered plaintiffs’ remaining arguments and consider them to be without merit.
For the foregoing reasons, we AFFIRM the judgment of the district court.